IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**TRAVIS BARRETT NAVE,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:12cv225-MP/CAS**

**KATHLEEN FUHRMAN, et al.,**

    **Defendants.**

                                           /

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, which has been reviewed this day, and Plaintiff directed to submit an amended complaint. Plaintiff also has filed a motion for temporary restraining order, doc. 6. This report and recommendation concerns that motion and recommends that it be denied.

    In the order entered directing Plaintiff to file an amended complaint, it is generally noted that Plaintiff's complaint is against eleven Defendants, all of whom are employed by the Department of Corrections. Several of those Defendants appear to be improperly named because Plaintiff challenges the food menu provided to him and

claims it does not provide him with a sufficient gluten-free diet, which he explains he needs for his medical condition of "celiac sprue."  Several of the named Defendants do not appear to have any authority or control over the diet which is approved for inmates at the Department's Central Office, and is merely served at the institution.

Furthermore, Plaintiff's claims concerning the inadequate "gluten-free" diet is generally insufficient as well because Plaintiff fails to allege how he has been harmed by the food menu approved for him.  Plaintiff provides no factual allegations which show that he has suffered with any medical issues, and his dissatisfaction with the menu is insufficient.

Plaintiff's allegations concerning improper medical care and retaliation are insufficient as well because Plaintiff's claims are conclusory allegations.  Plaintiff does not specifically allege facts which show how a named Defendant has harmed him.  Thus, Plaintiff has been directed to submit an amended complaint to more adequately present his claims.

That having been said, Plaintiff's motion for a temporary restraining order is also insufficient because it presents legal conclusions.  Doc. 6.  Plaintiff does not explain why immediate relief is required, but requests entry of an order that requires the Department of Corrections to provide him with "the 12-6-6 gluten-free menu" that previously was given to inmates prior to December 12, 2010.  *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th

Cir. 1983).  Preliminary injunctive relief may be granted only if the moving party establishes:

>   (1) a substantial likelihood of success on the merits;
>
>   (2) a substantial threat of irreparable injury unless the injunction issues;
>
>   (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
>   (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's original complaint has been found insufficient to properly state a claim and Plaintiff has been required to submit an amended complaint, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief.  Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Furthermore, should Plaintiff be able to prove that Defendants acted in retaliation for Plaintiff having filed grievances, Plaintiff would be able to recover damages under 42 U.S.C. § 1983.  Because Plaintiff has an adequate remedy at law concerning that claim, there cannot be a finding of irreparable injury.  The unavailability of an adequate remedy

at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); see Lewis v. S. S. Baune, 534 F.2d 1115, 1124 (5th Cir. 1976).  Thus, failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a restraining order, doc. 6, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**