**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TRAVIS BARRETT NAVE,**

    **Plaintiff,**

**vs.**	Case No. 4:12cv225-MP/CAS

**KATHLEEN FUHRMAN,**

    **Defendant.**

                               **/**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 16. Plaintiff also filed a motion for temporary restraining order. Doc. 21. He contends his constitutional rights are violated because the Department of Corrections will not provide Plaintiff "a medically needed gluten-free diet." Doc. 21 at 1. Plaintiff contends that money damages "will not fix the injuries that Plaintiff is suffering and will suffer from the Defendant's actions." *Id.* Plaintiff contends, in conclusory fashion, that he will suffer irreparable harm if all gluten is not immediately removed from his diet. *Id.* at 2. Plaintiff also makes the conclusory claims that he will likely succeed at trial, he will suffer more harm if the restraining order is denied than Defendants will if granted, and a "temporary restraining order will serve the public interest." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff's second amended complaint has recently been found sufficient for service purposes, yet it is not clear that Plaintiff faces a "substantial likelihood" of success on his claim. It is often true in cases which challenge prison menus and food choices, that prison officials prevail in such cases based on a showing that the prisoner could achieve a proper diet through selectively choosing proper foods from the menu choices with dietary teaching, Smith v. Masenburge, No. 6:11cv415, 2012 WL 527570,

at *6 (E.D. Tex. Jan. 18, 2012), Mejia v. Goord, No. A.903cv124, 2005 WL 2179422 (N.D.N.Y. Aug. 16, 2005), Rivera v. Dyett, Nos. 88 Civ. 4707, 90 Civ. 3783, 1994 WL 116025 (S.D.N.Y. Mar. 28, 1994), or that a challenge concerning a prisoner's dissatisfaction with the limited variety of food provided on a special diet is insufficient to state a claim. Escalante v. Huffman, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011); Palmenta v. Arnone, 2012 WL 2335307, at *4-5 (Conn.Super. May 24, 2012) (finding that prisoner's desire for a "gluten-free diet with adequate fiber" failed to state a claim); Schiavo v. Warden, 2009 WL 765883, at *1 (Conn.Super. Mar. 2, 2009) (prisoner with celiac disease who claimed he was denied a gluten free and lactose free diet failed to show deliberate indifference). Prisoners have been unsuccessful in challenges to prison food because it need not be aesthetically pleasing or particularly flavorful. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993), but the diet must be nutritionally adequate to maintain health. *See* Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet"); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoner stated an Eighth Amendment claim for rancid, nutritionally deficient diet); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (holding that prisoners have the right to nutritionally adequate food); Douglas v. Banks, No. 09-3191, 2011 WL 1576770, at *7 (N.D. Cal. Apr. 25, 2011) (finding "no evidence to suggest the food choices SVSP Defendants provided to Plaintiff were not adequate to maintain his health."). In this case, it cannot be said that Plaintiff faces no likelihood of success, but it also cannot be said that he faces a substantial likelihood of success either.

As for the second element, a "substantial threat of irreparable injury unless the injunction issues," this must be resolved against Plaintiff as well.  As noted above, Plaintiff made only a conclusory statement that he would suffer irreparable harm if all gluten was not immediately removed from his diet.  Doc. 21 at 2.  Plaintiff did not provide any specific facts to support that statement.  Moreover, Plaintiff's claim in this case concerns a continuing injury because Plaintiff has been subjected to the conditions about which he complains for several years.  There is nothing in this record to suggest that at this point, Plaintiff's injury would be irreparable when it has continued for several years.[1]  If Plaintiff is due to have relief provided, it must come in the normal course of litigation.

The third element also must be resolved against Plaintiff.  Since Plaintiff has been enduring the "injury" for several years, his harm is known and obvious.  At the present time, it is not known how extensive the harm would be to the Defendant.  Plaintiff made only a conclusory argument that the Department of Corrections "can easily accomodate [sic] plaintiffs requirement to have a gluten free diet."  Doc. 21 at 2.  Plaintiff does not provide any facts to explain that assertion and it is more likely than not that if the Court were to grant Plaintiff's request for injunctive relief, it would cause a substantial disruption to the operations of the Department of Corrections.  That harm outweighs Plaintiff's interest in altering the status quo.

In light of the fact that Plaintiff has not prevailed on the first three prerequisites, there is no need to address the fourth.  Plaintiff's motion for a temporary restraining

---

[1] Plaintiff alleged that his diagnosis of Celiac Sprue was confirmed in 2006.  Doc. 16 at 5-6.

order to alter the status quo which has been in existence for several years should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order, doc. 21, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 8, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**